IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHLEEN H. ISHIHARA,<br><br>                    Plaintiff,<br><br>    vs.<br><br>CHRISTINA KISHIMOTO,<br>SUPERINTENDANT,<br><br>                    Defendant. | CIV. NO. 19-00240 LEK-RT<br><br>FINDINGS AND RECOMMENDATION<br>TO DENY PLAINTIFF'S APPLICATION<br>TO PROCEED IN DISTRICT COURT<br>WITHOUT PREPAYING FEES OR<br>COSTS |

FINDINGS AND RECOMMENDATION TO DENY
PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT
COURT WITHOUT PREPAYING FEES OR COSTS

On May 9, 2019, Plaintiff Kathleen H. Ishihara, proceeding *pro se*, filed a

Complaint and an Application to Proceed in District Court Without Prepaying Fees and

Costs ("Application").  ECF No. 1 & 2.  After careful review of Plaintiff's Application

and relevant law, the Court DENIES Plaintiff's Application.

DISCUSSION

A court may authorize a litigant to commence or prosecute any suit without

prepayment of fees if the litigant submits an affidavit stating that the litigant is unable to

pay the required fees.  28 U.S.C. § 1915(a)(1); see Escobedo v. Applebees, 787 F.3d

1226, 1234 (9th Cir. 2015) (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S.

331, 339 (1948)) (the affidavit "is sufficient where it alleges that the affiant cannot pay

the court costs and still afford the necessities of life").  The litigant "need not be

absolutely destitute[,] . . . but must allege poverty with some particularity, definiteness

and certainty." Escobedo, 787 F.3d at 1234 (citations omitted) (internal quotations omitted).

The Court must also subject each action to a mandatory screening.  The Court must dismiss the case if the court determines that "the allegation of poverty is untrue[,]" or "the action or appeal . . . is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or [ ] seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

In evaluating Plaintiff's Application, the Court is guided by whether the applicant's yearly income exceeds the poverty threshold.  The Department of Health and Human Services 2019 Poverty Guidelines indicate that the poverty threshold for Hawaii is an annual income of $14,380.00 for a one-person household, $19,460.00 for a two-person household, and $24,540.00 for a three-person household.  Plaintiff indicates that she is currently employed by the State of Hawaii, Department of Human Services.  While Plaintiff does not indicate how many people are in her household, she indicates that there is only one person who is dependent on her for her support.  Given Plaintiff's income, even if she had 10 people in her household, her income alone exceeds the poverty threshold.[1]  Plaintiff takes home $3,400.00 every 15 days, and her gross annual pay is

---

[1] The threshold for a 10-person household is $69,400.00.

$131,412.00.  Plaintiff has $3,800.00 in cash or in a checking or savings account.

Plaintiff's monthly expenses are a mortgage of $2,045.00,[2] a Home Equity Line of Credit

of $300.00, and Insurance payments of $194.00 for a total of $2,539.00 of expenses per

month.  Based on the information Plaintiff provided, the Court finds that Plaintiff has not

demonstrated that she is unable to pay court fees at this time.

If Plaintiff wishes to proceed with this action, she must remit the appropriate filing

fee no later than four (4) weeks after the district court takes action on this Findings and

Recommendation.  Failure to do so may result in the dismissal of this action.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 13, 2019.



/s/ Rom A. Trader
Rom A. Trader
United States Magistrate Judge

_____

*Ishihara v. Kishimoto*; Civ. No. 19-240 LEK-RT; Findings and Recommendation to Deny Plaintiff's
Application to Proceed in District Court Without Prepaying Fees or Costs

---

[2] In her Application, Plaintiff states that she has no assets.  However, Plaintiff also
states that she has a mortgage and Home Equity Line of Credit, which indicates that she
owns a home.  Plaintiff should have included the value of her home in paragraph 5 of the
Application.