IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KATHLEEN H. ISHIHARA,<br><br>    Plaintiff,<br><br>vs.<br><br>CHRISTINA KISHIMOTO,<br>*Superintendant*,<br><br>    Defendant. | CIV. NO. 19-00240 LEK-RT<br><br>FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION |

<u>FINDINGS AND RECOMMENDATION TO DISMISS THIS ACTION</u>

Pro se Plaintiff Kathleen H. Ishihara ("Plaintiff") brought this action on May 9, 2019 against Christina Kishimoto, Superintendent ("Defendant"). ECF No. 1. Despite the Court's instructions and warnings and multiple continuances of the Rule 16 Scheduling Conference, Plaintiff failed to serve Defendant with a copy of the complaint and summons as required under Rule 4(c) of the Federal Rules of Civil Procedure ("FRCP") for nearly eight (8) months. The Court recognizes that Plaintiff is proceeding pro se and thus provided Plaintiff with multiple opportunities to comply. As of January 6, 2020, Plaintiff has not served Defendant with the complaint and summons. Based on the records in this case, the Court's analysis of the five factors required to determine whether to dismiss a case for lack of prosecution under <u>Pagtalunan v. Galaza</u>, 291 F.3d 639 (9th Cir. 2002), and the applicable law, the Court RECOMMENDS that the district court dismiss this action without prejudice.

## BACKGROUND

Plaintiff filed her Complaint against Defendant on May 9, 2019.  ECF No. 1.  A Rule 16 Scheduling Conference was set for July 8, 2019 at 9:00 a.m.  ECF No. 3.  Plaintiff did not appear for the hearing on July 8, 2019, and the Court noted that it did not appear that Plaintiff had served Defendant with the complaint and summons.  ECF No. 7.  The Court continued the hearing to August 9, 2019 and directed that Plaintiff be provided a copy of the minutes from the July 8, 2019 hearing.  Id.  In the minutes, the Court reminded Plaintiff of her obligation to appear at all court hearings and to follow all rules when prosecuting her claim, which includes service of the complaint and summons.  Id.

On August 9, 2019, Plaintiff appeared at the Rule 16 Scheduling Conference, but had not served Defendant.  ECF No. 8.  The Court reminded Plaintiff of her obligations to prosecute this case and provided Plaintiff with information regarding the 90-day deadline to serve the complaint and summons under FRCP 4.  Id.  The Court informed Plaintiff that she could contact the state sheriff's department or another process server to serve Defendant for a fee.  The Court further explained that the Court may grant an extension if Plaintiff can show good cause why service could not be made by the 90-day deadline.  Id.  The Court also cautioned Plaintiff that if the complaint and summons are not served within the required timeframe, the Defendant could challenge whether service was proper and Plaintiff may be subject to possible sanctions or dismissal of this action.  Id.  The Court continued the hearing to September 10, 2019.  Id.

On September 10, 2019, Plaintiff appeared at the Rule 16 Scheduling Conference, but had not served Defendant.  ECF No. 9.  Plaintiff explained that she tried to obtain

2

legal resources to help her, but was unable to get any assistance. Id. Plaintiff explained that she was going to explore other options regarding service of legal process. Id. The Court reminded Plaintiff of the 90-day deadline, which had already expired. Id. The Court continued the Rule 16 Scheduling Conference to October 30, 2019 to allow Plaintiff additional time to serve the Defendant. Id.

On October 30, 2019, Plaintiff appeared at the Rule 16 Scheduling Conference, but had not served Defendant. ECF No. 10. Plaintiff was unable to retain counsel. Id. The Court reminded Plaintiff of her obligation to follow the rules, the 90-day deadline, and the risk of sanctions or dismissal. Id. The Court continued the Rule 16 Scheduling Conference to January 6, 2020 and informed Plaintiff that the Court may issue an Order to Show Cause why this case should not be dismissed without prejudice. Id. Plaintiff was sent a copy of the Court's minutes. Id.

On November 1, 2019, the Court issued an Order to Show Cause Why Complaint Should Not be Dismissed as to Unserved Defendant. ECF No. 11. The Court directed Plaintiff to file a statement by December 23, 2019 explaining why she believes service was made or why she thinks good cause exists to continue the deadline; or Plaintiff may file a statement that she agrees to the dismissal of the Complaint. Id. The Court informed Plaintiff that if she fails to file a statement, the Court will deem Plaintiff to have abandoned her claims against Defendant and will find and recommend in favor of dismissal. Id.

Plaintiff did not file a statement by December 23, 2019.

The Order to Show Cause Hearing and Rule 16 Scheduling Conference occurred on January 6, 2020.  ECF No. 12.  Plaintiff was present but did not provide any grounds to show that dismissal without prejudice was not warranted.  Id.  The Court found and recommended that this case be dismissed without prejudice.

## DISCUSSION

The Court has the inherent authority to dismiss sua sponte for lack of prosecution. Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution"); Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases").

The Court must weigh five (5) factors to determine whether dismissal is appropriate:  "(1)  the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

As to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  Pagtalunan, 291 F.3d at 642 (citing Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  In this case, Plaintiff did not serve

Defendant for nearly eight (8) months despite the Court's instructions and warnings. Consequently, this factor weighs heavily in favor of dismissal.

The second factor, the Court's need to manage its docket, weighs heavily in favor of dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and public interest." Pagtalunan, 291 F.3d at 642 (citing Yourish, 191 F.3d at 990). In this case, the Court held the Rule 16 Scheduling Conference five (5) times and continued the Scheduling Conference three (3) times to allow Plaintiff to serve Defendant. The Court held an Order to Show Cause hearing to provide Plaintiff with the opportunity to explain any circumstances that would constitute good cause to continue the deadline to serve Defendant. Despite the number of Rule 16 Scheduling Conferences and the discussions the Court held with Plaintiff regarding her obligation to serve the Defendant, Plaintiff did not effect service for nearly eight (8) months. The multiple hearings that arose from Plaintiff's failure to serve Defendants consumed court time that could have been devoted to other cases. "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . " Pagtalunan, 291 F.3d at 642 (citing Ferdik, 963 F.2d at 1261).

The third factor, the risk of prejudice to Defendant, weighs in favor of dismissal. "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642 (citing Malone v. United States Postal Serv., 833 F.2d 128, 131 (9th Cir. 1987)). The Courts have "recognized that pendency of a

5

lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Pagtalunan, 291 F.3d at 642 (citing Yourish, 191 F.3d at 991). "Limited delays and the prejudice to a defendant from the pendency of a lawsuit are realities of the system that have to be accepted, provided the prejudice is not compounded by 'unreasonable delays.'" Pagtalunan, 291 F.3d at 642 (citations omitted). This case was delayed for an extended period of time, and the delays were unreasonable. Plaintiff did not provide any explanation that amounts to good cause for the delay. The delay deprived Defendant of timely notice and the ability to proceed with trial or otherwise raise by motion any defenses.

In addition, Plaintiff did not provide any clear explanation of what actions she took during the relevant time periods. Plaintiff previously cited difficulties in retaining counsel, but no attorney was needed for Plaintiff to effect service on Defendant. See Pagtalunan, 291 F.3d at 642-43 (The court found the delay unreasonable when Plaintiff's excuse for his delay was based on his inability to obtain counsel. The court found that "no attorney was even needed" "to transfer the information from the wrong forms to the correct forms that were provided by the court, and to delete 'et al.' from the caption"). Here, as explained by the Court on August 9, 2019, Plaintiff could have contacted the sheriff's department or another process server to effect service on Defendant without an attorney. However, the record does not reflect that any such efforts were made.

The fourth factor, the availability of less drastic alternatives, weighs in favor of dismissal. The Court repeatedly reminded Plaintiff of her obligation to serve Defendant, provided information to Plaintiff about service, and gave Plaintiff multiple opportunities

6

to effect service. Even when Plaintiff failed to file a statement for the Order to Show Cause hearing by the December 23, 2019 deadline, the Court gave Plaintiff an opportunity at the January 6, 2020 hearing to explain any circumstances that may weigh against dismissal. Here, less drastic sanctions are not appropriate. The Court repeatedly advised Plaintiff that the summons and complaint in this case must be timely served on the Defendant in compliance with FRCP 4. Yet, Plaintiff did not serve Defendant or file a statement in response to the Court's Order to Show Cause. The Court thus finds that it would be futile to recommend a lesser sanction because Plaintiff has demonstrated that no action would compel her to take the necessary steps to prosecute this case.

The last factor, public policy, "favors disposition of cases on the merits." Pagtalunan, 291 F.3d at 643. "Thus, this factor weighs against dismissal" of this case. Id.

Four (4) out of the five (5) factors weigh in favor of dismissal. The four (4) factors outweigh the fifth factor (public policy). The Court thus finds that the fifth factor is outweighed and dismissal is appropriate in this case. However, the Court does not find that Plaintiff's failure to prosecute this case provides sufficient grounds to support a dismissal with prejudice. Accordingly, the Court FINDS that a dismissal is appropriate and RECOMMENDS that the district court dismiss the claims against Defendant without prejudice.

## **CONCLUSION**

The Court FINDS that Plaintiff failed to serve Defendant the complaint and summons for nearly eight (8) months despite five (5) Rule 16 Scheduling Conference

hearings, three (3) continuances of those hearings, the information the Court provided to Plaintiff regarding service, and the multiple warnings by the Court informing Plaintiff of her duty to litigate, her responsibility to timely serve the complaint and summons on the Defendant, her obligation to follow all rules and to meet all deadlines, and the possible consequence of sanctions or dismissal.  LR 1.3, LR16.1.  Plaintiff has not served Defendant with a copy of the complaint and summons nor has she shown good cause for her failure to do so.  Accordingly, the Court RECOMMENDS that this action be dismissed without prejudice.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawaii, January 15, 2020.



    /s/ Rom A. Trader
    Rom A. Trader
    United States Magistrate Judge

_____

Civ. No. 19-00240 LEK-RT; *Ishihara v. Kishimoto*; Findings and Recommendation to Dismiss This Action